IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ALLIED HOME MORTGAGE
CAPITAL CORPORATION                                                                                  PLAINTIFF

v.                                                                                  CIVIL ACTION NO.: 2:06CV161

BLUES ALLEY ESTATES
LIMITED PARTNERSHIP, *et al.*                                                          DEFENDANTS

## MEMORANDUM OPINION ON SUMMARY JUDGMENT

This cause is before the court on Defendants' motion for summary judgment. From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the court FINDS that the motion should be GRANTED in part, and DENIED in part. The court specifically finds as follows:

*Factual Background*

On January 15, 2003, Blues Alley Estates Limited Partnership ("Blues Alley") executed a promissory note, loan agreement, and multi-family deed of trust in favor of Allied Home Mortgage Capital Corporation ("Allied") to finance the cost of acquiring, constructing, furnishing and equipping of ninety rental houses. Blues Alley intended to establish a residential subdivision in Coahoma County, Mississippi. In the loan documents signed by Blues Alley, Blues Alley pledged certain real property to secure the payment of indebtedness. Specifically, the promissory note executed by Blues Alley was for the principal sum of $5,371,000 with interest on the unpaid principal balance at the rate of 7.75 percent per annum. On January 15, 2003, Blues Alley executed a Deed of Trust to Allied in the amount of $5,371,000, which provided a mortgage on all of Blues Alley's present and future right, title and interest in the mortgaged property defined in that deed of trust. On July 23, 2004, Blues Alley was notified of certain non-monetary delinquencies which

constituted an Event of Default under the loan documents.

Litigation, filed by the same parties, regarding this same default, was instituted in the United States District Court for the Northern District on November 1, 2005. Allied sought a declaratory judgment regarding the acceleration of debt and power of foreclosure in the deed of trust. By Agreed Order entered April 10, 2006, the parties stipulated that "[Blues Alley] committed a non-monetary default whereupon [Allied] exercised its right to accelerate the entire indebtedness. Said default has not been cured." In that order, Judge Pepper ordered that Blues Alley had no right to tender payments to Allied in order to prevent foreclosure of the collateral property. Moreover, Allied had full rights to foreclose upon that real property by the power of sale provision contained in the deed of trust.

Thereafter, on May 15, 2006, Allied sent Blues Alley a notice of default and acceleration of indebtedness. That notice provided that Blues Alley had until May 31, 2006, to pay the outstanding balance due under the Note and Deed of Trust or risk foreclosure. Blues Alley did not pay. Consequently, Allied attempted to initiate a non-judicial foreclosure on the property at issue; however, the foreclosure was halted by the Coahoma County Chancery Court on the basis that Allied could not convey good title because of a discrepancy in the deed of trust. Specifically, Allied's Deed of Trust to the Blues Alley property states, "South 89 degrees, 18 *degrees* West . . .," instead of "South 89 degrees, 18 *minutes* West." (emphasis added).

Allied instituted the present action on September 25, 2006, alleging in their complaint that Blues Alley, Superior Development Group, Inc., and Derrick Neal, individually, breached the construction loan agreement of which Neal "personally guaranteed the obligations" and breached the completion agreement executed by Superior Development in which they agreed to fully indemnify and hold harmless Allied from all costs and damages suffered by reason of non-

2

completion. Moreover, Allied sought to have the deed of trust reformed by substituting the word "minute" for the word "degree" in the last call of the property description, and appoint a special master to foreclose upon the deed of trust and apply any proceeds from the foreclosure sale against the balance of the note.

The Defendants counterclaimed alleging that Allied issued a stop work order on construction of the Blues Alley subdivision and soon thereafter, delivered a notice of non-monetary delinquency letter. Additionally, since the event of default was declared against Blues Alley, the counterclaimants allege, Allied has been trying to unjustly foreclose on the property. Moreover, they assert that Allied breached its fiduciary duties to Blues Alley, failed to act in good faith, forced Blues Alley to make agreements under duress of economic hardship and made fraudulent misrepresentations to Blues Alley regarding the event of default.

The Plaintiff has moved for a dismissal of the action in their favor under Federal Rule of Civil Procedure 56.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the

district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

In their Motion for Summary Judgment, Allied asserts that due to prior litigation, it is undisputed that Blues Alley committed a non-monetary default under the promissory note and deed of trust, and Allied has a right to accelerate the indebtedness. See Allied Home Mort. Cap. Corp. v. Blues Alley Estates Ltd. Partnership, 2:05cv205, *Agreed Order*, docket 13. Moreover, Allied asserts, Blues Alley is barred by *res judicata* from litigating their counterclaim. Additionally, Allied asserts that this Court should enter a judgment of foreclosure, assess a money judgment against Blues Alley, and reform the deed of trust to indicate the intent of the parties.

*Discussion and Analysis*

*Res Judicata*

The doctrine of *res judicata,* also known as claim preclusion, "states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred." Cromwell v. County of Sac., 94 U.S. 351, 352, 24 L.Ed. 195 (1876). Moreover, *res judicata* bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. In re Southmark Corp., 163 F.3d 925, 934 (5th Cir. 1999). We look to federal law to determine the *res judicata* effect of a prior federal court judgment. Russell v. SunAmerican Securities, Inc., 962 F.2d 1169, 1172 (5th Cir. 1992). In the Fifth Circuit, *res judicata* bars a claim if: (1) the parties are identical in both actions; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was final on the merits; and (4) the two cases involve the same cause of action. Travelers Ins. Co. v. St. Jude Hosp., 37 F.3d 193, 195 (5th Cir. 1994).

The parties litigating the initial action, 2:05cv205, were Allied and Blues Alley Estates Limited Partnership. Superior Development Group, Inc., and Derrick Neal, named as Defendants in the present suit, assert they are not bound by the prior action because they were not named parties in that action.

It is well-settled that, "under certain circumstances, a judgment may bar a subsequent action by a person who was not a party to the original litigation." Eubanks v. F.D.I.C., 977 F.2d 166, 170 (5th Cir. 1992). For example, where the non-party's interests were adequately represented by a party to the prior action, the Fifth Circuit has concluded that there is sufficient identity between the parties to apply the principles of *res judicata* and give preclusive effect to the prior judgment. Meza v. General Battery Corp., 908 F.2d 1262, 1266 (5th Cir. 1990). Non-parties, such as Superior

Development and Derrick Neal, are adequately represented where a party in the prior suit is so closely aligned to their interests as to be their virtual representative. Id. at 1267. However, this requires more than a showing of parallel interests -- it is not enough that the non-party may be interested in the same questions or proving the same facts. Freeman v. Lester Coggins Trucking, Inc., 771 F.2d 860, 864-65 (5th Cir. 1985).

Here, the interests at stake could not be more closely aligned. In the Blues Alley Estates Limited Partnership, Superior Development Group, Inc., is the general partner, and Derrick Neal is the limited partner. Moreover, Derrick Neal owns fifty percent of Superior Development Group, Inc., and is president of that corporation. Neal also signed the loan documentation, including the deed of trust, financing agreement, promissory note, and construction loan agreement, on behalf of Superior Development Group and Blues Alley Estates and received all correspondence regarding Blues Alley's default. Therefore, Derrick Neal and Superior Development Group, together and separately, are sufficiently identified with the Blues Alley Estates Limited Partnership. The first factor toward finding *res judicata* is satisfied.

As noted earlier, the prior judgment was rendered by the United States District Court for the Northern District of Mississippi, the same court the present action is before today. Therefore, after reviewing subject matter jurisdiction and the parties involved, this Court is a court of competent jurisdiction. The third prong, whether the judgment was final on the merits is also satisfied. See GMC v. Kitty Hawk, Inc., 204 Fed. Appx. 341 (5th Cir. 2006) (noting that an agreed order has the preclusive effect of a final judgment); also 18 *Moore's Federal Practice,* § 131.30[3][a] (Matthew Bender 3d ed. 2000) (noting that "a judgment is on the merits if it completely disposes of the underlying cause of action, . . . or determines that the plaintiff has no cause of action"). Judge Pepper

signed an order setting out the rights and obligations of the party and dismissing the lawsuit. Therefore, the agreed order was dispositive and final on the merits.

The last factor is whether the two cases involve the same cause of action. The first action, filed October 6, 2005, was an action for declaratory relief in which Allied requested that the Court hold that Mississippi Code Section 89-1-59, regarding cure for default, had no application to Blues Alley's default. Allied sought this relief so it could further conduct a power of sale foreclosure as provided in the deed of trust.

Allied alleges that Blues Alley's counterclaim in the present cause of action is precluded under the doctrine of *res judicata*, or claim preclusion. That counterclaim asserts that Allied breached its fiduciary relationship with Blues Alley in that it failed to act in good faith in declaring Blues Alley's default. Additionally, Blues Alley asserts that Allied forced Blues Alley to "make agreements under the duress of economic hardship." Finally, Blues Alley contends that Allied, acting without authority, made both written and verbal misrepresentations to Blues Alley regarding the default. Although the counterclaim is quite vague, a normal reading connotes that all causes of action stated in that counterclaim resulted from Allied declaring Blues Alley to have non-monetarily defaulted on their loan conditions.

To determine whether two suits involve the same cause of action, the Fifth Circuit has adopted the transactional test of the Restatement (Second) of Judgments. Petro-Hunt, L.L.C., v. United States, 365 F.3d 385, 396 (5th Cir. 2004). Under the transactional test, a prior judgment's preclusive effect extends to all rights the original plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the action [that led to the prior judgment] arose." Restatement (Second) of Judgments § 24(1) (1982). "[T]he critical issue is

whether the two actions under consideration are based on the same nucleus of operative facts." Petro-Hunt, 365 F.3d at 396 (quoting Southmark, 163 F.3d at 934).

As outlined above, the two lawsuits are clearly of the same nucleus of operative facts. Indeed, Blues Alley would have had to assert their counterclaim in the first lawsuit in order for it to remain a viable cause of action due to its nature as a compulsory counterclaim. See Fed. R. Civ. P. 13(a) (requiring the filing of a counterclaim where the claim arises out of the same transaction or occurrence of the original suit); American Mills Co. v. American Surety Co., 260 U.S. 360, 43 S.Ct. 149, 67 L.Ed. 306 (1922) (if the action proceeds to judgment without the interposition of a counterclaim as required by Rule 13(a), the counterclaim is barred). Therefore, finding that all factors necessary for *res judicata* are present here, this Court hereby dismisses the defendant's counterclaims for failure to raise them in the prior litigation.

*Money Judgment Against Blues Alley*

Allied next requests that this Court award Allied a money judgment in the amount of $4,075,061.70 against all Defendants. Although the disbursed funds from the promissory note and mortgage held by Allied only concerns $2,989,143.00, Plaintiff asserts they are entitled to principal and interest due under the promissory note and deed of trust.[1] The Defendants contend that the promissory note has been paid in full. They specifically contend that the USDA has paid in full the promissory note, as it was guaranteed by the USDA. However, by affidavit of Joe James, portfolio manager of the USDA Multifamily housing loan, Plaintiff sought to establish that no payments from any source have been made on the promissory note or deed of trust. Indeed, Plaintiff established that

---

[1]Joe James contends that $1,085,918.70 of the $4,075,061.70 owed by Blues Alley Estates is due to the default interest accruing since April 22, 2005 at a rate of 12.75%

"payment" is an affirmative defense under Federal Rule of Civil Procedure 8(c) but was not pled by the Defendants. Moreover, the Plaintiff alleges that the USDA's payment of bondholders has no relevance in this case as Allied is suing on the obligations under the promissory note.

Allied also asserts that Derrick Neal, in his individual capacity, has personally guaranteed Blues Alley's obligations under the Construction Loan Agreement. On that Agreement, Derrick Neal signed his name below the word "GUARANTOR" and above the words "Derrick Neal, Individually." These words and his signature thereon the Agreement indicate that it was signed as a personal guarantee by Derrick Neal. The Agreement further provides that "[t]he obligations of Borrowers hereunder are joint and several obligations, and the Lender may look to any or all of the Borrowers for the performance of any or all such obligations." However, Derrick Neal avers that it was not his intention to personally guarantee such payments, and that he was merely signing as an agent of Blues Alley.

There appears to be a genuine issue of dispute between the parties regarding money damages. Because the court is not authorized to make factual and credibility determinations, we decline to do so here. For this reason, the motion for summary judgment with regards to the money damages and the individual liability of Derrick Neal is DENIED.

*Reformation of the Deed and Judgment of Foreclosure*

Allied asserts that the clause of the deed of trust which states, "South 89 degrees 18 degrees West," instead of "South 89 degrees 18 minutes West" is a mere "scrivener's error" and requests that the deed be reformed to reflect the parties' mutual intent.

Allied also requests that this Court appoint a commissioner or special master to conduct a

foreclosure sale of the property described in the deed of trust. Section 10.6 of the Financing Agreement entered into by Allied and Blues Alley provides that upon default, Allied "shall declare a default under the Mortgage Note and Mortgage . . . [and] shall, as soon as practicable, exercise its remedies as mortgagee under the Mortgage and foreclose and sell the Project."

This Court is wary of granting the relief requested in deference to the reality that district courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). While neither party has raised this issue, the Court is mindful that subject matter jurisdiction can be raised *sua sponte* at any time during the case proceedings. See Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884) (noting that a federal court's subject matter jurisdiction may be challenged at any stage of the proceedings and that the court should raise the question *sua sponte*). Therefore, the Court is requesting that the parties submit additional briefing and memoranda regarding the jurisdictional authority of this Court. Specifically, as the Plaintiff has requested the relief of reformation of the deed and judgment of foreclosure, Allied is given thirty (30) days to file a brief concerning this Court's jurisdiction to perform those functions. Blues Alley will then be given fifteen (15) days in which to submit a rebuttal brief thereto.

*Conclusion*

We find here that Blues Alley is precluded from bringing their counterclaim and such is hereby DISMISSED. However, there exists a factual issues regarding money damages due and owing to Allied and the individual liability of Derrick Neal. For this reason, the damages aspect of Allied's motion for summary judgment is DENIED.

Additionally, the Court requests additional briefing on the issue of whether district court's have jurisdiction to reform deeds and order judicial foreclosures. Accordingly, Allied has until April 2, 2008, to file a supplemental memorandum of authorities, and Blues Alley Estates has until April 17, 2008, to offer any rebuttal authority to that proposition. The parties will proceed to trial on March 17, 2008, on the issue of money damages owed to Allied and the individual liability of Derrick Neal.

A separate order in accordance with this opinion shall be issued this day.

SO ORDERED, this the  3rd day of March, 2008.

                                             **/s/ Sharion Aycock**
                                             **U.S. DISTRICT JUDGE**