**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

| | |
|---|---|
| **ALLIED HOME MORTGAGE CAPITAL CORPORATION** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO.: 2:06CV161** |
| **BLUES ALLEY ESTATES LIMITED PARTNERSHIP**, *et al.* | **DEFENDANTS** |

## ORDER

Comes now before the Court, Defendants Blues Alley Estates Limited Partnership, Superior Development Group, Inc., and Derrick Neal personally, and file their Motion to Reopen, for a New Trial, and to Amend or Alter the Judgment against the Defendants. After reviewing the motion, response, and relevant authorities, the Court makes the following findings:

On June 27, 2008, this Court entered a judgment in favor of the Plaintiff in the amount of $4,435,163.84, against the Defendants. On July 14, 2008, Defendants filed this motion requesting that the record be reopened to include some USDA audit documents purporting to prove that Allied did not comply with its regulatory obligations to the USDA. Defendants contend that this audit report is new evidence "found by Defendants after the bench trial of March 17, 2008." Defendants quote the report's language stating, "Our audit concluded that the loan's default and resulting $2.4 million loss was the direct result of Allied's failure to properly originate and service the loan." Defendants, therefore, argue that Allied is to blame for their default of the loan because Allied had a duty to investigate the disbursement of payments under the loan and provide an independent inspection of the ongoing construction. Defendants submit that the Court should reconsider its judgment in light of this "new evidence" which they contend, contradicts the judgment.

*Rule 59(e) Standard*

Federal Rule of Civil Procedure 59 allows a court, after a nonjury trial and on motion by one of the parties, open the judgment if one has been entered, take additional testimony, amend the findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment. However, subsection (e) provides that this motion "must be filed no later than 10 days after the entry of judgment."

Here, judgment was entered on Friday, June 27, 2008. Ten days later, under Federal Rule of Civil Procedure 6, would be July 14, 2008. Therefore, Defendants did file within the ten day period prescribed by Rule 59.

The Fifth Circuit has stated that "the district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under [Rule 59(e)]." Tex. A&M Res. Found. v. Magna Transp., Inc., 338 F.3d 394, 400 (5th Cir. 2003). In exercising this broad discretion, the court should consider four primary factors: "(1) the reasons for the [defendants'] default, (2) the importance of the evidence to the [defendants'] case, (3) whether the evidence was available to [defendants prior to the entry of judgment], and (4) the likelihood that the [plaintiff] will suffer unfair prejudice if the case is reopened." Ford v. Elsbury, 32 F.3d 931, 937-38 (citing Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990)).

*Discussion*

In his affidavit, Derrick Neal testified that he became aware of this evidence on May 8, 2008, when contacted by another business associate. Defendants admit that this document has been a public record on the USDA website since September of 2007. Defendants also contend that they made reasonable efforts to discover the OIG Report before trial as they were apprised of its existence

2

in 2006.

This court held a teleconference on May 13, 2008, regarding the judgment and possible problems the parties may have effectuating that judgment. At no time did the Defendants alert the court of this "newly discovered evidence." Indeed, an evidentiary hearing was held on June 17, 2008, to reopen the record to address a previously unidentified error in the deed of trust so that the property in question could be foreclosed in a reasonably prompt manner. The Defendants did not appear at that hearing and did not submit this "evidence" before the court at that hearing. Further, as noted above, the judgment was entered on June 27, 2008, ten calendar days after the hearing, and yet, Defendants did not bring forth this evidence.

Due to the fact that Defendants waited to present this evidence until after the judgment of the court was entered, even though they were aware of the evidence well in advance of that judgment, and had at least two opportunities to bring this document forward to the court to be admitted into evidence before judgment was entered, this factor weighs against the Defendants' request to reopen the record for this document.

Defendants additionally assert that this newly discovered Audit Report will give them a defense to Allied's claims under Miss. Code Ann. § 31-5-41, and a potential cross-claim for breach of contract. Plaintiff argues that the document has not been authenticated, and thus, is not properly before the court for consideration.

The USDA's Office of Inspector General (OIG) promulgated this report because Allied disbursed fifty percent of a $5.4 million loan while Blues Alley failed to construct a single unit on the proposed ninety unit project. The Report concludes that Allied did not protect the viability of the project by not ensuring that the contractor had a license or that Blues Alley had the financial

3

capability to undertake the project. The Report also showed that Allied failed to properly service the loan with independent inspections of the construction resulting in a $2.4 million loss. Allied disputes all these charges. The recommendations outlined in the Report are to recover $3 million from Allied, scrutinize other loan loss claims involving Allied, and consider suspension of Allied's ability to participate as a 538 lender.

The OIG Report does not affect the litigation in this case. In fact, the Report notes that Allied was requested to liquidate the collateral, and the USDA could attempt to collect on that resource. The Judgment entered on June 27, 2008, expressly allowed Allied to foreclose on the subject property. Whether the USDA has recourse against Allied on the basis of the OIG Report is beyond the scope of this lawsuit.

Mississippi Code Section 31-5-41 voids "hold harmless" clauses in construction contracts. Specifically, that section applies to "all public or private contracts or agreements, for the construction, alteration, repair or maintenance of buildings, structures, highway bridges, viaducts, water, sewer or gas distribution systems, or other work dealing with construction" that seek to include any "promise and/or agreement . . . to indemnify or hold harmless another person from that person's own negligence" and makes those agreements "void as against public policy and wholly unenforceable."

Defendants contend that on the basis of the OIG Report, it is evident that Allied did not comply with its regulatory conditional obligations, thus, it cannot look to Blues Alley to take over its debt owed to the USDA. This section of the Mississippi Code applies to construction contracts. The contract at issue in this litigation is the loan contract between lender and borrower. This Mississippi Code Section, therefore, has no value to this litigation, and would not have provided a

4

defense to Blues Alley had this Report been discovered during the course of this litigation.

*Conclusion*

The United States Supreme Court has noted that "the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits." <u>White v. N.H. Dep't of Employment Sec.</u>, 455 U.S. 445, 451, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982). The OIG Report presented by Defendants does not concern matters encompassed by the judgment entered on June 27, 2008. Moreover, this Report presents no other defense not otherwise available to the Defendants before its discovery. Further, due to the Defendants failure to bring this document forward between May 8, 2008, and June 27, 2008, their request to reopen the final judgment is denied.

SO ORDERED, this the 5th day of August, 2008.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**